By petition filed February 9, 1943, J. Lee Calhoun made application to the Seventh District Court in and for the Parish of Concordia to be appointed administrator of the Succession of Dave Watson, deceased. The petition alleged that the decedent left property, and owed debts, "petitioner being one of his creditors, and an administration of his estate is necessary". The application was ordered to be advertised.
The record shows the filing of an inventory and appraisement on February 26, 1943, but the record is void of any order for the taking of an inventory and appointing appraisers.
On June 7, 1943, there was filed a petition in which the petitioner was represented as being "J. Lee Calhoun, Administrator of said Succession". This petition represented that there were certain bonds of the United States Treasury belonging to Dave Watson which were in the hands of one S.L. Maxwell, and prayed that a rule issue upon the said Maxwell to show cause why he should not deliver the bonds described to Calhoun as administrator of the Succession of Dave Watson.
All of the above filings bear the number 1078 on the docket of the Court.
On July 6, 1943, a petition was filed and docketed as No. 1089 on the docket of the Court. The petitioners were Henry Tip Watson, and others, there being twelve individuals named, who represented that Dave Watson left neither ascendants nor descendants, and that petitioners, collateral relations of the decedent, were his sole and only heirs. Petitioners alleged that there was no necessity for an administration of the estate, and that they desired to accept the succession purely, simply and unconditionally, without benefit of inventory, and assume all debts and obligations of said succession.
The minutes of the Court show that the above petition was taken up for hearing by the Court on the day of filing, i.e. July 6, 1943, and that a motion for a continuance by the applicant for administration was denied. However, after evidence was adduced, the matter was continued until July 9, 1943, and the applicant for administration granted permission to present opposition on or before said date.
On July 9, 1943, a pleading, purporting to be an "answer", was filed on behalf of J. Lee Calhoun. This document denominated the petition of Henry Tip Watson et al., as an opposition to Calhoun's application to be appointed administrator, asserted that said opposition showed no right or cause of action, and, in the alternative, set up certain debts due by the decedent, and after alleging certain other matters and answering the allegations of the Watson petition, prayed that the opposition of Henry Tip Watson et al. be denied, or, in the alternative, that the hearing of June 6th be stricken from the record and the opposition be fixed for trial. There was a further prayer that the application of J. Lee Calhoun to be appointed administrator be granted, etc.
On July 9, 1943, a motion was filed in behalf of J. Lee Calhoun praying that the Honorable R.R. Reeves, Judge, rescuse himself on the ground that the said Judge was a brother of Joseph M. Reeves, Esq., attorney for Henry Tip Watson et al.
The minutes of the Court of July 9, 1943, denied applicant's motion for trial of his exception and answer on the ground that Calhoun, not having been appointed administrator, had no standing in Court. Thereafter, the Court signed judgment recognizing Henry Tip Watson et al., as heirs of Dave Watson, deceased, sending them into possession of the estate of the *Page 235 
decedent and rejecting the application of J. Lee Calhoun to be appointed administrator. Finally, the presiding Judge, the Honorable R.R. Reeves, recused himself from further action in the case and appointed John Dale, Jr., Esq., as judge ad hoc.
Judgment having been signed, application was made for orders of suspensive appeal by J. Lee Calhoun, which orders were granted, bond fixed and the appeal subsequently perfected.
The above is a detailed recital of the facts disclosed from the filings and the minutes of Court which make up the record in this case. In addition, there has been filed before this Court an exception of no cause or right of action on behalf of the heirs of Dave Watson, deceased, appellees.
We first take up the motion of Calhoun seeking the recusation of the Judge of the district Court. It is well established under the jurisprudence of our State that the Supreme Court alone has jurisdiction of motions to recuse, in furtherance of the supervisory jurisdiction granted the Supreme Court under section 10 of Article 7 of the Constitution of 1921. It therefore follows that this Court has no jurisdiction under the motion in question.
In support of the exception filed by appellees in this Court, the point is made that there is nothing in the record to prove the bona fide status of J. Lee Calhoun, applicant for administration, as a creditor of the succession.
Of course, it is obvious that Calhoun's only claim to the right of appointment must rest upon his standing as a creditor. If he is not a creditor of the succession, or, if the record does not show him to be a creditor, it becomes apparent that he has no standing in Court and neither cause nor right of action.
Careful examination of the pleadings as bearing upon the applicant's (Calhoun) status as a creditor vel non, discloses the following representations:
In the application of February 9, 1943, Article 2 of the petition reads as follows: "Said Dave Watson left property situated in said Concordia Parish, and owes debts, petitioner being one of his creditors, and an administration of his estate is necessary."
The above is the sole and only reference to any allegation of indebtedness to the applicant. No supporting exhibits were attached to the petition; no details of any kind or character were given with reference to the alleged indebtedness, and the petition itself was sworn to by the applicant's attorney, and not by the applicant Calhoun.
In the so-called answer of J. Lee Calhoun, filed July 9, 1943, the only allegations with reference to debts of the succession are found in Article 6, which reads as follows:
"Denies the allegations of Article III of said opposition, and avers that said Dave Watson left many debts, including the following:
Dr. Pankey, expenses of last illness, paid by Sarah Watson .............................................. $ 18.00 Pasternacks, building materials ....................... 39.48 State of Louisiana, Welfare Department ................ 358.00 Dan Fields, labor ..................................... 75.00 Aamnda Wells .......................................... 29.30 and other debts.
Applicant does not admit the correctness of all of said accounts, but avers that they should be considered and decided by the Court in orderly administration."
It is to be observed that even in the listings of the debts, as shown above, there is no mention of any debt due and owing to J. Lee Calhoun. At most, the only direct allegation that has been made in behalf of the applicant for administration is merely a conclusion, unsubstantiated by any details of amounts or nature of the claim.
While it is not required, so far as we can find, that a creditor claiming administration make complete and absolute proof of the debt, it is required that at least a prima facie case of indebtedness be established.
From an examination of the unauthorized inventory in the record, and from other facts reflected by the pleadings, we conclude that the value of the succession involved in this case is something less than $500. The one piece of real property which was an asset of the succession was appraised at $400. The only government bond falling to the succession bears a maturity value of $25. The several other bonds enumerated in the pleadings were *Page 236 
payable to designated beneficiaries, and, therefore, would not fall into the succession.
To burden a small succession with costs of administration where the need for administration is not clearly shown, in our opinion, would be unwarranted.
In Succession of Sutton, 20 La.Ann. 150, the administration was claimed by one who alleged himself to be a creditor, and filed an itemized statement of account, but the Court held that without better proof than that which appeared in the record, the applicant could not be regarded as an established creditor entitled to the right of administration.
In Succession of Sarrazin, 34 La.Ann. 1168, the Court said: "We hold that, whilst it is not essential that a party claiming administration, by right of being a creditor, should make full proof of his claim, that is, as complete proof of it as if he were suing the succession for the debt, still, a court, before encumbering a succession with an administration, with its attendant costs and delays, should, at least, require a prima facie case of indebtedness to be made out."
Under the facts which appear in the record, there is insufficient ground for holding that the applicant, Calhoun, is a bona fide creditor of the succession, and, as such, entitled to administration.
The succession, having been accepted without benefit of inventory, and the heirs having been placed in possession by proper judgment of the Court, any bona fide creditor has proper recourse against the heirs for recovery of his debt.
There are a number of other issues tendered for our consideration of this case, but since we believe that the exception is finally determinative of the issue, we do not feel it necessary to burden this opinion with reference to the other points involved.
For the reasons stated, the exception of no cause or right of action filed herein on behalf of the appellees is sustained, and, accordingly, the appeal is dismissed at appellant's cost.
 On Rehearing